UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL HOLMBERG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS OF WASHINGTON, BERNARD WARNER, PATRICK GLEBE, and CHERYL ROIKO,<br><br>　　　　　　Defendants. | CASE NO. 15-5374 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

　　　This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 16. The Court has considered the Report and Recommendation, Defendants' Objections, Plaintiff's Responses to Defendants' Objections, and the remaining record.

　　　In this civil rights case, Plaintiff, a *pro se* prisoner, asserts claims for retaliation for exercise of his First Amendment rights pursuant to 42 U.S.C. §1983. Dkt. 1-1. Plaintiff also makes state law claims. *Id.*

# I. FACTS

The background facts and procedural history are in the Report and Recommendation (Dkt. 16, at 1-7) and are adopted here.

The Report and Recommendation recommends the Court grant, in part, and deny, in part, the Defendants' motion for judgment on the pleadings (Dkt. 8), which was construed as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Dkt. 16. To the extent that Plaintiff attempts to make a claim against Defendants for violation of DOC policies, the Report and Recommendation recommends dismissal of that claim. *Id.* It recommends that to the extent that Plaintiff is attempting to assert claims on behalf of other inmates those claims should be dismissed; to the extent that Plaintiff is attempting to litigate a class action, class certification should be denied. *Id.*

The Report and Recommendation recommends that the claims against Defendants Glebe and Warner be dismissed for failure to allege sufficient facts against them; but recommends also that the Court should grant Plaintiff leave, if he wishes, to file an amended complaint to plead facts which would state a claim against them. *Id.* It recommends dismissal with prejudice of damages claims against the Department of Corrections ("DOC"), Glebe and Warner (to the extent that he makes claims against them in their official capacities) because of Eleventh Amendment immunity. *Id.* The Report and Recommendation recommends that Plaintiff's claims for injunctive relief against the DOC, Glebe and Warner be dismissed with leave to amend, if Plaintiff wishes. *Id.*

The Report and Recommendation recommends the Court find that the Plaintiff has sufficiently stated enough facts to support a claim for retaliation for the exercise of his First

1  Amendment rights. *Id.* The Report and Recommendation recommends that Defendants' motion
2  for qualified immunity be denied at this stage. *Id.*

3  The Report and Recommendation also urges dismissal of the state law claims with leave
4  to amend, if Plaintiff wishes. *Id.*

5  Defendants object to the Report and Recommendation's recommendations. Dkt. 18.
6  Plaintiff filed a Response to the Objections arguing that the Court should "adopt the Report and
7  Recommendation "in it's [sic] entirety." Dkt. 19, at 8.

8  The matter is ripe for review.  For the reasons stated below, the Report and
9  Recommendation should be adopted, in part, and not adopted in part.  Each of the Defendants'
10  objections will be addressed below.

## II. DISCUSSION

12  *Iqbal* **Objection**. Defendants argue that the Report and Recommendation's finding that the
13  Court is bound to accept as true all facts as alleged by the non-moving party at this stage in the
14  litigation was error under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Dkt. 18, at 7-8.  They argue
15  that the Court need not credit Mr. Holmberg's conclusory statement that Counselor Roiko falsely
16  infracted him as true. *Id.*

17  In making a determination of whether a *pro se* complaint sufficiently alleges facts to state a
18  claim, courts "assume that the facts that [the *pro se* Plaintiff] alleges are true." *Jackson v.*
19  *Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).  While under *Iqbal,* "mere legal conclusions are not
20  entitled to an assumption of truth," Plaintiff's statement is not necessarily a legal conclusion.
21  Further, courts in the Ninth Circuit "continue to construe *pro se* filings liberally when evaluating
22  them under *Iqbal*, particularly in civil rights cases." *Jackson,* at 763-764 (*internal quotations*
23  *and citations omitted*).  Construing Plaintiff's allegation liberally, the statement should be

24

1  credited as true at this stage of the litigation.  Even if it was not, if a claim is based on a proper

2  legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to

3  amend the complaint before dismissal.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.

4  1983).  If the claim is not based on a proper legal theory, the claim should be dismissed.  *Id*.

5  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the

6  complaint could not be saved by any amendment."  *Moss v. U.S. Secret Service,* 572 F.3d 962,

7  972 (9th Cir. 2009).  This objection does not provide a basis to reject the Report and

8  Recommendation.

9  **Objection to Recommendation on Retaliation Claim.**  Defendants object to the Report

10  and Recommendation's recommendation that the Court hold that Plaintiff has sufficiently stated

11  a claim for retaliation because there is a more likely explanation for Counselor Roiko's action.

12  Dkt. 18, at 8-9.  They argue that she had probable cause to infract him, and that the fact she had

13  probable cause is "highly probative" evidence that she did not have retaliatory animus.  *Id.*

14  While Defendants' argument may carry great weight at summary judgment, at this stage

15  in the litigation, the Report and Recommendation should be adopted as to this claim.  At this

16  point, the Court is bound to liberally construe this *pro se* prisoner's civil rights complaint.  As

17  stated in the Report and Recommendation, Plaintiff has sufficiently alleged facts entitling him to

18  consideration of his retaliation claim.

19  **Objection to Recommendation on Qualified Immunity.**  Defendants also argue that the

20  Report and Recommendation's conclusion that the Defendants are not entitled to qualified

21  immunity is erroneously based on a level of generality that has been rejected by the U.S.

22  Supreme Court, and the law Counselor Roiko allegedly violated was not clearly established.

23  Dkt. 18, at 9-11.

24

1  The Report and Recommendation recommends that the motion for qualified immunity
2  based on the pleadings should be denied.  The recommendation regarding qualified immunity is
3  generally proper, but the undersigned clarifies that the denial is **without** prejudice.  That is, at
4  this stage in the process, Defendants' motion for qualified immunity should be denied without
5  prejudice.  Defendants' arguments are based on the premise that the Court credit their assertion
6  that Counselor Roiko had probable cause to infract Plaintiff.  Plaintiff's complaint alleges
7  otherwise.  Although the "filing of unfounded charges does not give rise to a per se constitutional
8  violation actionable under section 1983, a § 1983 claim may stand when the false charges are
9  allegedly brought in retaliation for an inmate's exercise of his substantive constitutional rights."
10 *See Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1159 (E.D. Wash. 2014) (*quoting Freeman v.*
11 *Rideout*, 808 F.2d 949, 953 (2d Cir.1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273, 99
12 L.Ed.2d 484 (1988)).  Defendants make a strong showing regarding qualified immunity, but no
13 discovery has been done.  Parties should consider discovery and motions practice on this issue in
14 an expedited manner.  The Report and Recommendation's recommendation regarding the motion
15 for qualified immunity should be adopted, in part; the motion on qualified immunity should be
16 denied without prejudice at this stage of the litigation.

17 **Objection Regarding Dismissal of Other Parties and State Claims**.  In their objections,
18 Defendants also urge that if the Court finds that Plaintiff did not sufficiently plead a retaliation
19 claim or that Defendant Roiko is entitled to qualified immunity, that the claims asserted against
20 the other Defendants be dismissed with prejudice and the state law claims also be dismissed.
21 Dkt. 18.

22 To the extent these objections are motions to dismiss these parties and claims with prejudice,
23 they should be denied.  As stated in the Report and Recommendation, Plaintiff has stated a claim
24

ORDER ON REPORT AND
RECOMMENDATION- 5

1  for First Amendment retaliation and it is not yet clear that Defendant Roiko is entitled to

2  qualified immunity.  The claims asserted against the other Defendants and the state law claims

3  should not be dismissed with prejudice.

4  Defendants' objections do not provide a basis for rejecting the Report and Recommendation.

5  **Eleventh Amendment Immunity**.  To the extent that Plaintiff makes claims against the

6  DOC, Glebe and Warner (in Glebe and Warner's official capacities) those claims should not be

7  dismissed with prejudice based on Eleventh Amendment immunity contrary to the

8  recommendation in the Report and Recommendation.  The Washington State Defendants

9  removed this case from Thurston County, Washington Superior Court.  Dkt. 1.  "By removing

10 the case to federal court, the State waived its Eleventh Amendment immunity from suit in federal

11 court."  *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004).  To the extent that the Report and

12 Recommendation recommends dismissal of the damages claim with prejudice, the Report and

13 Recommendation should be rejected.  However, as stated in the Report and Recommendation,

14 the claims against the DOC, Glebe and Warner (in Glebe and Warner's official capacities) are

15 not supported by sufficient facts.  Plaintiff should be given leave to file an amended complaint, if

16 he wishes, to attempt to cure the deficiencies within 30 days of the date of this order.

## II.  ORDER

- The Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 16) **IS**:
    - **NOT ADOPTED** as follows:
        - The motion for qualified immunity is **DENIED WITHOUT PREJUDICE** and

- To the extent that Defendants move to dismiss the damages claims against DOC, Glebe and Warner (in Glebe and Warner's official capacities) based on Eleventh Amendment immunity, that motion is **DENIED**;
  - **ADOPTED** in all other respects;
  - Plaintiff's amended complaint, if any, is due within 30 days of the date of this order; and
  - This case is **RE-REFERRED** to U.S. Magistrate Judge J. Richard Creatura.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of February, 2016.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge