1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL HOLMBERG, | CASE NO. 15-5374 RJB-JRC |
| Plaintiff, | ORDER RENOTING MOTION FOR RECONSIDERATION |
| v. | |
| DEPARTMENT OF CORRECTIONS OF WASHINGTON, BERNARD WARNER, PATRICK GLEBE, and CHERYL ROIKO, | |
| Defendants. | |

This matter comes before the Court on the Defendants' Motion for Reconsideration. Dkt. 21. The Court has considered the motion and the remaining record.

In this civil rights case, Plaintiff, a *pro se* prisoner, asserts claims for retaliation for exercise of his First Amendment rights pursuant to 42 U.S.C. §1983. Dkt. 1-1. Plaintiff also makes state law claims. *Id.*

# I. FACTS

The background facts and procedural history are in the Report and Recommendation (Dkt. 16, at 1-7) and are adopted here.

This Court adopted, in part, and declined to adopt, in part, the December 28, 2015 Report and Recommendation. Dkt. 20. Defendants now file a motion for reconsideration (Dkt. 21) challenging one portion of the Court's decision which provided:

> **Eleventh Amendment Immunity**. To the extent that Plaintiff makes claims against the DOC, Glebe and Warner (in Glebe and Warner's official capacities) those claims should not be dismissed with prejudice based on Eleventh Amendment immunity contrary to the recommendation in the Report and Recommendation. The Washington State Defendants removed this case from Thurston County, Washington Superior Court. Dkt. 1. "By removing the case to federal court, the State waived its Eleventh Amendment immunity from suit in federal court." *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004). To the extent that the Report and Recommendation recommends dismissal of the damages claim with prejudice, the Report and Recommendation should be rejected. However, as stated in the Report and Recommendation, the claims against the DOC, Glebe and Warner (in Glebe and Warner's official capacities) are not supported by sufficient facts. Plaintiff should be given leave to file an amended complaint, if he wishes, to attempt to cure the deficiencies within 30 days of the date of this order.

Dkt. 20, at 6.

In their motion for reconsideration, Defendants explain that they did not intend to raise Eleventh Amendment immunity as a defense to all the damages claims. Dkt. 21. They argue that Plaintiff's damage claims based on § 1983, asserted against DOC and Glebe and Warner in their official capacities, should be dismissed because state entities (which include claims against officials in their official capacities) are not "persons" within the meaning of § 1983. *Id.* (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989)).

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rule 7(h)(3) further provides, "[n]o response to a motion for reconsideration shall be filed unless requested by the court.  No motion for reconsideration will be granted without such a request."

Plaintiff should be given an opportunity to respond to the motion for reconsideration, if he wishes.  Any response should be in writing and filed on or before **March 2, 2016**.  The motion for reconsideration (Dkt. 21) should be renoted for March 4, 2016.

## II.   ORDER

- The Defendants' Motion for Reconsideration (Dkt. 21) is **RENOTED** for **March 4, 2016**; and

- Plaintiff's written response to the motion for reconsideration, if any, should be filed on or before **March 2, 2016**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of February, 2016.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge