1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MICHAEL HOLMBERG,

CASE NO. 15-5374 RJB-JRC

Plaintiff,

ORDER ON MOTION FOR
RECONSIDERATION

12

13

v.

14

DEPARTMENT OF CORRECTIONS OF
WASHINGTON, BERNARD WARNER,
PATRICK GLEBE, and CHERYL
ROIKO,

15

16

Defendants.

17

18

This matter comes before the Court on the Defendants' Motion for Reconsideration.  Dkt.

21.  The Court has considered the motion and the remaining record.

19

20

In this civil rights case, Plaintiff, a *pro se* prisoner, asserts claims for retaliation for

exercise of his First Amendment rights pursuant to 42 U.S.C. §1983.  Dkt. 1-1.  Plaintiff also

makes state law claims. *Id.*

21

22

23

24

1

## I.     <u>FACTS</u>

2       The background facts and procedural history of this case are in the Report and

3   Recommendation (Dkt. 16, at 1-7) and are adopted here.

4       On February 2, 2016, this undersigned adopted, in part, and declined to adopt, in part, the

5   December 28, 2015 Report and Recommendation.  Dkt. 20.  Defendants then filed the motion for

6   reconsideration (Dkt. 21) challenging one portion of the Court's decision which provided:

7        **Eleventh Amendment Immunity**.  To the extent that Plaintiff makes claims
         against the DOC, Glebe and Warner (in Glebe and Warner's official capacities)
8        those claims should not be dismissed with prejudice based on Eleventh
         Amendment immunity contrary to the recommendation in the Report and
9        Recommendation.  The Washington State Defendants removed this case from
         Thurston County, Washington Superior Court.  Dkt. 1.  "By removing the case to
10       federal court, the State waived its Eleventh Amendment immunity from suit in
         federal court."  *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004).  To the extent
11       that the Report and Recommendation recommends dismissal of the damages
         claim with prejudice, the Report and Recommendation should be rejected.
12       However, as stated in the Report and Recommendation, the claims against the
         DOC, Glebe and Warner (in Glebe and Warner's official capacities) are not
13       supported by sufficient facts.  Plaintiff should be given leave to file an amended
         complaint, if he wishes, to attempt to cure the deficiencies within 30 days of the
14       date of this order.

15   Dkt. 20, at 6.

16      In their motion for reconsideration, Defendants explain that they did not intend to raise

17   Eleventh Amendment immunity as a defense to all the Plaintiff's claims.  Dkt. 21.  They argue

18   that Plaintiff's damage claims for constitutional violations, based on § 1983, asserted against

19   DOC and Glebe and Warner in their official capacities, should be dismissed because state

20   entities (which include claims against officials in their official capacities) are not "persons"

21   within the meaning of § 1983. *Id.* (*citing Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66

22   (1989)).  Defendants also argue that the Court should "reconsider its order declining to dismiss

23

24

1  the Plaintiff's claims against DOC and Defendants Glebe and Warner in their official capacities."

2  *Id.,* at 5.

3   Under Local Rule W.D. Wash. 7(h)(3), a motion for reconsideration cannot be granted

4  without first giving other parties an opportunity to file a response. On February 24, 2016, the

5  motion for reconsideration was renoted and Plaintiff was informed that he may file a written

6  response to the motion for reconsideration on or before March 2, 2016. Dkt. 22.

7   Plaintiff filed a First Amended Complaint on March 2, 2016, making claims for violations of

8  his constitutional rights and state law. Dkt. 23. Although he does not specify for which claims

9  he seeks damages, as is relevant here, Plaintiff continues to assert that he is entitled to damages

10  in his First Amended Complaint. *Id.* Plaintiff also seeks injunctive relief. *Id.*

11  ## II.   <u>DISCUSSION</u>

12   Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored.

13  The court will ordinarily deny such motions in the absence of a showing of manifest error in the

14  prior ruling or a showing of new facts or legal authority which could not have been brought to its

15  attention earlier with reasonable diligence." Local Rule 7(h)(3) further provides, "[n]o response

16  to a motion for reconsideration shall be filed unless requested by the court. No motion for

17  reconsideration will be granted without such a request."

18   In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

19  complained of was committed by a person acting under color of state law, and that (2) the conduct

20  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

21  States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v.*

22  *Williams*, 474 U.S. 327 (1986). States (or state officers acting in their official capacity) are not

23  "persons" for purposes of damages for § 1983 liability. *Will v. Michigan Dep't of State Police*,

24  491 U.S. 58, 66 (1989); *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir.

1   1997).  "However, there is one exception to this general rule: When sued for *prospective*

2   *injunctive* relief, a state official in his official capacity is considered a 'person' for § 1983

3   purposes."  *Doe*, at 839 (*emphasis in original*).

4       Defendants' motion for reconsideration (Dkt. 21) should be granted to the extent that they

5   seek reconsideration of the decision to deny dismissal of Plaintiff's claims for violations of his

6   constitutional rights under §1983 asserted against DOC, and damages or other retroactive relief

7   for violations of his constitutional rights against Glebe and Warner, in their official capacities.

8   Defendants' motion to dismiss Plaintiff's claims for violations of his constitutional rights,

9   brought pursuant to § 1983, against DOC, and damages or other retroactive relief for violations

10  of his constitutional rights, brought pursuant to § 1983, against Glebe and Warner, in their

11  official capacities only, should be granted.   Plaintiff's claims for violation of his constitutional

12  rights pursuant to § 1983 against DOC should be dismissed.  Plaintiff's damages or other

13  retroactive relief claims for violation of his constitutional rights pursuant to § 1983 against Glebe

14  and Warner, in their official capacities, should be dismissed.  These dismissals apply to such

15  claims brought in the Plaintiff's First Amended Complaint.

16      This order does not reach or address any of the other claims asserted in the First Amended

17  Complaint.

18                      **III.    <u>ORDER</u>**

19      •  The Defendants' Motion for Reconsideration (Dkt. 21) is **GRANTED, AS**

20          **FOLLOWS:**

21      •  Plaintiff's claims for violations of his constitutional rights, brought pursuant to §

22          1983, against Defendant Department of Corrections **ARE DISMISSED**; and

23

24

ORDER ON MOTION FOR RECONSIDERATION-
4

1   • Plaintiff's damages or other retroactive relief for violations of his constitutional

2   rights, brought pursuant to § 1983 against Defendants Glebe and Warner, in their

3   official capacities only, **ARE DISMISSED**.

4   The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J.

5   Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last

6   known address.

7   Dated this 9th day of March, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION-
5