1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MICHAEL HOLMBERG,

11

Plaintiff,

12

v.

13

DEPARTMENT OF CORRECTIONS OF
WASHINGTON, et.al,

14

15

Defendants.

CASE NO. C15-5374 RJB-JRC

ORDER ON MOTIONS

16

17

18

19

20

21

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.  Plaintiff, proceeding *pro se*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.  The case was removed from state court on June 4, 2015.  Presently before the Court are: 1) Motion for Protective Order (Dkt. 29); 2) Motion to Substitute (Dkt. 31); 3) Motion to Compel Discovery (Dkt. 33); and 4) Motion for Extension of Time (Dkt. 39).

22

23

24

Pursuant to Fed.R.Civ.P. 26(b)(2)(C)(iii), the Court grants defendants' Motion for Protective Order and denies plaintiff's Motion to Compel finding the burden associated with producing the information sought in Request for Production Nos. 20, 21, and 22 pertaining to

other prisoner's retaliation claims, outweighs its benefit. Any discovery sought to support a "routine, custom or practice" theory of DOC employees subjecting prisoners to retaliation need not be produced by defendants. The Court further grants plaintiff's Motion for Extension of Time (Dkt. 39) and Motion to Substitute (Dkt. 31).

BACKGROUND

Mr. Holmberg is a Washington state prisoner in the custody of the Department of Corrections (DOC) and is currently housed at Stafford Creek Corrections Center (SCCC). Dkt. 23 at 2. Plaintiff alleges that while incarcerated at SCCC he was retaliated against for attempting to send discovery documents to the attorney general's office. *See* Dkt. 4-1. Plaintiff claims that there is a "routine, custom or practice" of DOC employees subjecting prisoners to retaliation in response to their use of the Offender Grievance Program or in response to their filing civil rights litigation. Dkt. 23 at 11-12. Plaintiff made similar allegations in his original complaint. *See* Dkt. 4-1 at 11-12. On December 28, 2015, the Court entered a Report and Recommendation (R&R) regarding Defendants' Motion for Judgment on the Pleadings. Dkt. 16. A section of that R&R, later adopted by the District Court, addressed plaintiff's "routine, custom or practice" theory and his corresponding request for injunctive relief. Dkt. 16 at 16-17; Dkt. 20 at 7.

The Court dismissed plaintiff's "routine, custom or practice" cause of action but provided that plaintiff should be granted leave to amend his Complaint to establish facts, if any, to support an injunction against Defendants Glebe and Warner. Dkt. 16 at 17. The Court further noted that even if plaintiff had stated a cognizable claim, an allegation of "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present, adverse effects." *Id*. The Court further noted that plaintiff failed to allege that he is subject to ongoing acts of retaliation and as a result, the Court

recommended that plaintiff's requests for injunctive relief against defendants DOC, Glebe and Warner be dismissed. *Id*. The Court also allowed plaintiff an opportunity to file an amended complaint to allege facts, if he can, that show personal participation of defendants Glebe and Warner. *Id*. at 10. The Court noted in the R&R that plaintiff's complaint did not presently state any cognizable claim against defendants DOC, Warner and Glebe.

Plaintiff amended his Complaint on March 2, 2016. Dkt. 23.  It appears that plaintiff attempted to correct the deficiencies of his "routine, custom or practice" theory in Count IV, paragraph 88 of his First Amended Complaint, but instead alleged a failure to train, supervise and control claim.  Count VI reads:

> COUNT VI
> 88. Secretary Warner's refusal to initiate remedial action: i.e., to train, supervise and control WDOC personnel, after having received 41 grievances alleging retaliation and after having reviewed the corresponding 41 AG-163 forms and the corresponding 41 civil rights cases alleging retaliation by WDOC employees between January 2005 and May 2012 allowed Counselor Roiko to subject Plaintiff to retaliation, demonstrating a callous disregard for prisoners rights to be free from retaliation, violating Plaintiff's rights, in violation of the First Amendment to the u.s. Constitution, chilling Plaintiff's rights, while failing to advance any legitimate penological interest. (See §§ 69-74)

Dkt. 23 at 17-18.

A. <u>Motion for Extension of Time (Dkt. 39)</u>

Plaintiff filed a Motion for Extension of Time and requested that his Response to defendants' motion for protective order be considered timely though filed after the due date of July 27, 2016.  Dkt. 39 at 1.  Plaintiff explains that he had a significant disruption during the preparation of his response due a "pretextual cell search," which caused a disruption with his files and work product.  *Id*. at 1-2.  Furthermore, SCCC personnel allegedly refused to assist him with e-filing so he had to send his response through USPS under the Mailbox Rule. *Id*.

1   Defendants oppose plaintiff's motion for an extension. Dkt. 42 at 2. Defendants argue

2   that plaintiff does not meet the requirement of excusable neglect under Fed. R. Civ. P.

3   6(b)(1)(B). *Id.* Defendants also argue that plaintiff is incorrect regarding the due date of his

4   Response to Defendants' Motion for a Protective Order. Plaintiff claims that the due date for his

5   Response was July 27, 2016, presumably because he believes mistakenly that LCR 7(d)(2)(b)

6   applies to his case. Dkt. 39 at 2; Dkt. 40 at 2. Defendants explain that pursuant to LCR 7(d)(7),

7   cases involving prisoners are governed by the briefing schedule in LCR 7(d)(1) or LCR 7(d)(3).

8   Dkt. 42 at 1-2.  Defendants conclude that plaintiff's excuse for needing an extension in filing his

9   Response on July 27, 2016 does not constitute excusable neglect because his Response was due

10  on July 25, 2016, not July 27, 2016 under LCR 7(d)(3). *Id.* Finally, defendants note that

11  plaintiff's fifteen page Response brief also exceeds the twelve page limit required by LCR

12  7(e)(4). *Id.*

13  Plaintiff replies that the plain and ordinary language of LCR 7(d)(3) exempts a motion for

14  a protective order from the third Friday rule, which would have established a response date of

15  July 27, 2016 under LCR 7(d)(2).  Plaintiff admits his error and asks the Court to consider one of

16  the two options as a potential remedy: (1) allow plaintiff to submit an amended Response which

17  conforms to Fed.R.Civ.P. 6(b)(1)(B) in the interests of justice consistent with LCR 1(a), or in the

18  alternative, (2) accept plaintiff's over length brief as a sanction to address the misleading and

19  unsupported argument offered by defendants on LCR 7(d)(3).

20  In the interest of justice, the Court grants plaintiff's motion and accepts the overlength

21  brief as filed on July 28, 2016, although not as a sanction as suggested by plaintiff.  Dkt. 34.

22  Defendants' Motion for Protective Order was filed and served electronically on July 14, 2016.

23  Under LCR 7(d)(3), plaintiff's Response was due, through e-filing, on July 25, 2016.

24

1       B. <u>Motion for Substitution of Party (Dkt. 31)</u>

2       Plaintiff filed a Motion for Substitution of Party and requests an order allowing the

3 substitution of former Secretary Bernard Warner with current Secretary Richard Morgan

4 pursuant to Fed.R.Civ.P. 25(d).   Defendants have no objection to the substitution of the current

5 Secretary of the Department of Corrections (DOC) Richard Morgan in his official capacity for

6 the former Secretary of DOC Bernard Warner in his official capacity.   Dkt. 36.   Plaintiff's

7 Motion For Substitution of Party is granted.   The Clerk is directed to substitute Richard Morgan

8 for Bernard Warner.

9       C. <u>Motion for Protective Order (Dkt. 29) and Motion to Compel Discovery (Dkt. 33)</u>

10       Defendants filed a Motion for Protective Order (Dkt. 29) and in response, plaintiff filed a

11 Motion to Compel Discovery (Dkt. 33).  Due to the substance of the motions, the Court will treat

12 the two motions as cross-motions.

13       As way of background, plaintiff filed a motion for extension on June 30, 2016, requesting

14 a 30-day extension of both the discovery and dispositive motion deadline. Dkt. 27. Defendants

15 filed a response in opposition. Dkt. 28.  The Court granted plaintiff's motion for extension to

16 allow for completion of discovery and resolution of discovery disputes and the filing of any

17 dispositive motions. Dkt. 27. The Court granted plaintiff's motion and revised the scheduling

18 order.  Dkt. 32.  The new discovery cut-off was set for August 8, 2016 and the dispositive motion

19 deadline was set for September 8, 2016. The Court expressly noted that whether plaintiff was

20 entitled to the discovery was undecided and encouraged the parties to meet and confer in order to

21 resolve any outstanding discovery disputes they appeared to be having.  Dkt. 32 at 2.

22       Plaintiff and defense counsel conferred telephonically on July 12, 2016 but were unable

23 to resolve the dispute over RFP Nos. 20 and 21. Dkt. 33 at 2.  Defendants now request the Court

24

1    to grant a protective order pursuant to Fed. R. Civ. P 26(c) relating to plaintiff's Requests for

2    Production (RFP) Nos. 20, 21, and 22. Defendants specifically request that the Court order that

3    defendants not be required to respond to Plaintiff's Request for Production Nos. 20, 21, and 22.

4    Dkt. 29. Plaintiff, on the other hand, seeks an order compelling the defendants to respond to RFP

5    20 and 21, but not RFP 22.   Dkt. 33.   In the RFPs at issue, plaintiff requests "Agency

6    Approval/Endorsement of Agency Director" Forms, Grievances related to seventy-nine other

7    inmate lawsuits, and grievance program reports. Dkt. 27 at 4-7.

8        Defendants allege that plaintiff "has failed to plead a plausible 'routine, custom or

9    practice' cause of action so his discovery requests related to that cause of action are not

10   appropriate." Dkt. 29 at 2.  Plaintiff, on the other hand, contends that defendants mischaracterize

11   his claim in his First Amended Complaint. Dkt. 34 at 1.  Plaintiff responds that the AG-163 form

12   together with the Agency Approval/Endorsement" form show that the DOC and Secretary

13   Warner knew or should have known of a routine practice of retaliation within the DOC, making

14   said documents probative, relevant and admissible to support plaintiff's factual allegations and

15   claims in this case. Dkt.  34 at 1-2. Although plaintiff does not state which claim he is referring

16   to, it appears it is Count VI, paragraph 88 in the First Amended Complaint.  Dkt. 23.

17       Defendants reply that plaintiff has failed to cure the deficiencies in his First Amended

18   Complaint with regard to his claim that were identified by this Court's Report and

19   Recommendation dated December 25, 2015 because he does not allege that he is the subject of

20   ongoing acts of retaliation. Dkt. 16 at 17 ("Plaintiff does not allege that he is subject to ongoing

21   acts of retaliation and as a result, he does not allege facts suggesting any ongoing threat of harm

22   and relative hardship. Thus, the Court recommends that plaintiff's requests for injunctive relief

23   against defendants DOC, Glebe and Warner be dismissed."). Defendants contend that plaintiff's

24

1  Response recounts events having nothing to do with his own claims and that involve different

2  parties in different locations. Dkt. 37 at 2. Defendants conclude that plaintiff's "routine, custom,

3  or practice" claim is thus frivolous and any discovery related to that claim should not be

4  permitted. *Id*.

5          1.      *Request For Production No. 20*

6          Plaintiff's RFP No. 20 states, "Please produce all 'Request for Individual Defense By the

7  Attorney General' forms together with the 'Agency Approval/Endorsement of Agency Director'

8  forms for each of the cases listed in Attachment C of Exhibit 9 of Plaintiff's First Amended

9  Complaint." Dkt. 27 at 4. Exhibit 9 of Plaintiff's First Amended Complaint contains a total of

10 twenty-nine pages, with multiple cases listed per page, where inmates have made claims of

11 retaliation. Dkt. 23 at 56-84. Defendants argue that in order to obtain the relevant forms,

12 defendants would have to search through the records of all of these cases, which go back in time

13 to 2005. Dkt. 29 at 4.  Defendants argue that the "Request for Individual Defense By the

14 Attorney General" forms do not contain information that is relevant to a party's claims so

15 nothing in the forms could support plaintiff's claims.  *Id*. The "Agency Approval" form states

16 only that the agency director (or his or her designees) agrees or does not agree that the action

17 arose while the individual requesting a defense was performing, or in good faith purporting to

18 perform, official duties. Dkt. 23 at 41. Similarly the endorsements of an Assistant Attorney

19 General and a Deputy Attorney General indicate that they agree or do not agree that the actions

20 giving rise to the suit occurred during the performance of an employee's official duties. *Id*. at 41.

21 Thus, the forms say nothing about the truth of the allegations--they state only that the employee

22 has met the requirements for a defense. *Id*.

23

24

1    Defendants also argue that the information plaintiff seeks in RFP No. 20, related to

2    Attachment C to Exhibit 9 of his first Amended Complaint, is overly broad. Dkt. 27 at 5.

3    Attachment C is a document plaintiff received in response to a public records request for:

4       1. All civil cases wherein an inmate alleged they were subjected to retaliation by
        any Washington State Department of Corrections employee starting from January

5       1, 2005 through May 17, 2012, which resulted in a judgment for the Plaintiff.

6       2. All civil cases wherein an inmate alleged they were subjected to retaliation by
        any Washington State Department of Corrections employee starting from January

7       1, 2005 through May 17, 2012, which resulted in a settlement.

8    Dkt. 23 at 53.

9    Defendants argue that this information requested is not limited to plaintiff's specific

10   institution or to outgoing mail issues at his institution.  Dkt. 29 at 5. Instead, the information

11   involves allegations of conduct, unrelated to plaintiff's claims or case, by many individuals at

12   other prisons.  *Id*. Defendants further assert that the only similarity appears to be the claim of

13   "retaliation." *Id*. Defendants assert that this information could not form the basis of a valid

14   "routine, custom or practice" claim and it is too broad to be proportionate to the needs of this

15   case. *Id*.

16   Lastly, defendants argue that in addition to being irrelevant, the "Request for Individual

17   Defense By the Attorney General" and "Agency Approval" forms contain information that is

18   protected by both the attorney/client privilege and the work product doctrine.  Dkt. 29 at 6.

19   Defendant states there are communications between a client and his or her attorney about

20   litigation and it is protected from disclosure in discovery. *Id*.

21   Many courts have held that a government entity may invoke attorney-client privilege in

22   the civil context. *See U.S. v. Ferrell,* 2007 WL 2220213 *2 (W.D.Wash.2007) (*citations*

23   *omitted).* The deliberative and mental process privileges are qualified privileges, and a litigant

24

1    may obtain deliberative materials if his or her need for the materials and the need for accurate

2    fact-finding override the government's interest in non-disclosure. *See Carter v. U.S. Dept. of*

3    *Commerce*, 307 F.3d 1084, 1090 (9th Cir.2002). Among the factors to be considered in making

4    this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3)

5    the government's role in the litigation; and 4) the extent to which disclosure would hinder frank

6    and independent discussion regarding contemplated policies and decisions. Warner Comm's.,

7    742 F.2d at 1161.

8          In the matter at issue, plaintiff earnestly argues that the forms requested show that the

9    defendants knew or should have known of a routine practice of retaliation within the DOC,

10   making the documents probative, relevant and admissible to support his factual allegations and

11   claims in this case.  However, plaintiff has not corrected his pleading deficiencies with regard to

12   his "routine, custom or practice" theory. Instead, his new claim appears to be a supervisory

13   liability theory espousing failure to train, supervise and control.

14         The Court finds that the forms contain predecisional information that is protected by both

15   the attorney/client privilege and the work product doctrine.  These predecisional materials are

16   privileged to the extent that they reveal the mental processes of decision-makers, i.e., the

17   Assistant Attorney General and a Deputy Attorney General. Therefore, plaintiff's discovery

18   requests for the forms appear to involve both attorney/client privilege and the work product

19   doctrine.  Plaintiff has also failed to provide any substantive reason why such discovery would

20   be necessary in light of the failure to properly plead the "routine, custom or practice" cause of

21   action or for his new supervisory liability cause of action in the First Amended Complaint. These

22   forms simply do not appear to be relevant given that they only deal with an employee's

23   eligibility to be defended by the state.  The Court finds the request does not seek relevant

24

1   information nor information likely to lead to discovery of relevant information. Fed.Rules

2   Civ.Pro. Rule 26(b).

3           2.   *Request For Production No. 21*

4        Plaintiff's RFP No. 21 states, "Please produce all Grievances — levels 1, 2, and 3 —

5   which were filed by each Plaintiff in the cases listed in Attachment C of Exhibit 9 of Plaintiff's

6   FAC." Dkt. 27 at 5. Exhibit 9 of Plaintiff's First Amended Complaint contains a total of twenty-

7   nine pages with multiple cases listed per page, where inmates at multiple institutions have made

8   claims of retaliation. Dkt. 23 at 56-84. To obtain the relevant grievances, defendants would have

9   to search through the records of all of these cases, which go back in time to 2005. Defendants

10  assert that any possible benefits of producing grievances filed by other inmates with different

11  circumstances is far outweighed by the burden of searching for, reviewing, and producing them.

12  Dkt. 29 at 6.

13       Defendants further argue that even if plaintiff's request for grievances were relevant, they

14  would still be beyond the scope of discovery. *Id*. at 7.   Defendants contend that plaintiff requests

15  overbroad injunctive relief to which he is not entitled as a matter of law.   *Id*. For instance, plaintiff

16  requests an injunction requiring, inter alia, "[t]he WDOC and Secretary Warner shall ensure that

17  Plaintiff is not subjected to retaliation in response to his law related activities." Dkt. 23 at 20.   With

18  regard to plaintiff's "routine, custom or practice" claim, plaintiff must show a deprivation of

19  constitutional rights pursuant to an official state policy. *Id*. Defendants assert plaintiff's proposed

20  injunctive relief is too broad to comply with federal law and is unavailable to him so discovery in

21  furtherance of his "routine, custom or practice" claim as exemplified in RFP No(s) 20, 21 and 22

22  would serve no legitimate purpose other than to inconvenience and harass defendants. *Id*.

23       Discovery should ordinarily be allowed under the concept of relevancy unless it is clear

24  that the information sought can have no possible bearing upon the subject matter of the action.

*La Chemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164, 170–71 (D.Del.1973).  As discussed above, plaintiff's discovery requests related to the "routine, custom or practice" cause of action are not appropriate as he has not properly pleaded a cause of action in his First Amended Complaint.  Defendants should, however, produce any grievances that bear upon the subject matter of the instant action.

        3.     *Request For Production No. 22*

Plaintiff's RFP No. 22 states, "[p]lease produce all monthly, quarterly and annual reports created by the WDOC Grievance Program Manager from January 2005 through May 2012." Dkt. 27 at 6. To this request, defendant Warner replied that:

> [I]n Defendant's search for potential responsive records, a 2005 Work Release Grievance Summary and an April 2005 Offender Grievance Program Monthly Report were located, both of which are wholly unrelated to this case. Any other "reports" that may have existed during the timeframe of January 2005 through May 2012 have met their retention periods. Therefore, no "monthly, quarterly, and annual reports" exist that are responsive to this request.

Dkt. 27 at 6-7.

Defendants argue that they are under no obligation to create reports that they have not been able to locate after a reasonable search. Dkt. 29 at 9. Defendants request that the Court determine there is no requirement to respond further to RFP No. 22. RFP 22 is not the subject of plaintiff's motion to compel.

The defendants object to RFP No. 22 on the grounds that the information (reports) sought is not relevant to this action; that the request is overbroad; that the information sought is not in the possession of the defendant; and that responding to the request would be extremely burdensome and onerous.

Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

1    needs of the case, considering the importance of the issues at stake in the action, the amount in

2    controversy, the parties' relative access to relevant information, the parties' resources, the

3    importance of the discovery in resolving the issues, and whether the burden or expense of the

4    proposed discovery outweighs its likely benefit.

5        The Court finds the information covers a large period of time, going back to 2005.

6    Further, if the reports do not exist, defendants should not be required to create such reports as

7    plaintiff provides no substantive reason why such discovery would be necessary. The burden

8    imposed by RFP No. 22 against relevance of the information sought to the action is high.

9             4.    *Conclusion*

10       The Court exercises its discretionary authority under Fed.R.Civ.P. 26(b)(2)(C)(iii) and

11    grants defendant's motion for protective order and denies plaintiff's motion to compel.

12    Defendants will not have to produce non-relevant documents that are subject to RFP Nos. 20, 21,

13    22 as the burden of the proposed discovery outweighs the likely benefit.

14

15       Dated this 9th day of September, 2016.

16

17

18                         J. Richard Creatura
                          United States Magistrate Judge

19

20

21

22

23

24